IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JIMMY FLOYD McHENRY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:23-cv-00036-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT MOTION TO DISMISS**

Before the Court is Respondent's Motion to Dismiss Petitioner Jimmy Floyd McHenry's petition for writ of habeas corpus under 28 U.S.C. § 2254 as untimely. (ECF 28). In response, McHenry contends that equitable tolling should apply to extend the statute of limitations. (ECF 29). For the reasons stated below, the Magistrate Judge recommends that the Motion be GRANTED.

**I. FACTUAL BACKGROUND**

On November 24, 2021, McHenry was convicted in the 84th Judicial District of Hutchinson County, Texas, of one count of evading arrest with a motor vehicle and one count of felony driving while intoxicated, with each count enhanced as a habitual felony offender. (ECF 25-4 at 22-24). He was sentenced pursuant to a plea agreement to a term of 34 years of confinement. (*Id.*).

McHenry did not file a direct appeal. (ECF 8 at 3). On November 22, 2022, he filed a state application for habeas corpus relief with the Texas Court of Criminal Appeals. (ECF 25-4 at 31-74). The state application was denied without written order on February 1, 2023. (ECF 25-3). McHenry filed this federal petition on March 27, 2023. (ECF 8 at 10). *Spotville v. Cain*, 149 F.3d

374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

## II. LEGAL ANALYSIS

A state prisoner ordinarily has one year to file a federal habeas petition, starting from the date upon which the judgment of conviction became final by "the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Since McHenry did not file a direct appeal, his conviction became final on December 27, 2021, which was his deadline for filing a direct appeal. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("the conviction becomes final when the time for seeking further direct review in the state court expires"); TEX. R. APP. PRO. 26.2(a). Consequently, the one-year period for McHenry to timely file a federal habeas petition expired on December 27, 2022, absent tolling.[1]

### A.  Statutory Tolling Applies.

McHenry filed a state habeas petition on November 22, 2022, which was within the one-year AEDPA statute of limitations for his federal habeas petition. (ECF 25-4 at 46). Therefore, the statute of limitations for his federal petition was tolled during the pendency of his state petition. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). The Texas Court of Criminal Appeals denied his application without written order on February 1, 2023. (ECF 28-3). Accordingly, McHenry is entitled to statutory tolling of 72 days, the amount of time his state habeas petition was pending. *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009)

---

[1]McHenry does not allege a state-created impediment that prevented timely filing of his claims, nor does he base his claims on any new constitutional right. Further, the facts supporting his claims became or could have become known prior to the date the deferred adjudication order became final. Therefore, the provisions of §§ 2244(d)(1)(B)-(D) do not change the accrual date for his claims.

(holding that a state habeas application is pending for purposes of statutory tolling on both the day it is filed and the day it is decided). Adding 72 days to the limitations period extends McHenry's limitations deadline from December 22, 2022, to March 9, 2023. However, he did not file until March 27, 2023.

**B.      Equitable Tolling Does Not Apply.**

McHenry claims he is entitled to equitable tolling of the limitations period. A party seeking an extension of the statute of limitations on equitable grounds has the burden of showing entitlement to such tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations omitted). A petitioner must pursue the habeas process with "diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). The burden of proof rests with the petitioner, who must meet both prongs of the equitable tolling test. *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013).

First, the petitioner must demonstrate "reasonable diligence [in pursuing his rights], not maximum feasible diligence." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653). There is no temporal cut-off for diligence, but "'delays of the petitioner's own making do not qualify' for equitable tolling." *Clarke*, 721 F.3d at 344. McHenry blames his delay on (1) Covid-related lockdowns and lack of access to the law library and to a state habeas form; (2) his numerous transfers between prison facilities; (3) recovery from surgery; and (4) struggling with his own mental illness. (ECF 29).

McHenry claims that he spent from November 2021 to January 4, 2022, attempting to obtain an 11.07 form upon which to submit his state habeas petition. (*Id.* at 2). He states that further delays were due to transferring facilities on January 4, July 25 and August 31, 2022. (*Id.*). However, he fails to show how the transfers impeded his ability to file his state petition after he obtained the 11.07 form, other than the time between August 31 and November 22, 2022, when he states that he had been separated from his legal notes due to a transfer. (*Id.*).

He claims to have started working on his federal petition on December 11, 2022, "diligently under all these extraordinary circumstance[s]". (*Id.*). However, none of the circumstances outlined by McHenry apparently occurred during the period between denial of his state habeas claim on February 1, 2023, and expiration of the statute of limitations on March 9, 2023. None of the transfers occurred during this period, nor does he reference any specific medical condition or lockdown that impeded his ability to file his federal petition during this time period.

However, even assuming that McHenry diligently pursued his post-conviction remedies, he still has not shown that "extraordinary circumstances" kept him from filing such that equitable tolling is applicable. The extraordinary circumstances prong, as the term "extraordinary" suggests, will only rarely be met. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). Courts repeatedly have found that delays caused by intermittent lockdowns, including Covid lockdowns, do not constitute "extraordinary circumstances" warranting equitable tolling because they do not prevent a prisoner from filing a petition. *See United States v. Pizarro*, No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding that a Covid-19 lockdown did not justify equitable tolling as it did not actually prevent the petitioner filing his habeas petition); *Coppin v. United States*, 3:10-CR0345-K91, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (series of institutional lockdowns did not constitute an extraordinary circumstance to warrant equitable tolling). In addition, a petitioner must present evidence that any diminished access to the law library actually prevented

him from filing a timely petition. *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011); *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (finding a temporary denial of access to research materials or the law library and inadequacies in the prison law library were are not extraordinary circumstances sufficient to warrant equitable tolling); *Bradden v. Lumpkin*, No. 4:21-CV-126-O, 2021 WL 4866992, at *3 (N.D. Tex. Sept. 17, 2021) (finding some access to law library material—albeit on a limited and sometimes delayed basis due to Covid, and sporadic lockdowns are not grounds for equitable tolling); *White v. Director, TDCJ-CID*, No. 6:19-CV-231, 2021 WL 1015951, at *4 (E.D. Tex. Feb. 5, 2021), *R. & R. adopted*, 2021 WL 978760 (E.D. Tex. Mar. 16, 2021) (finding diminished library access did not "actually prevent" petitioner from filing and thus did not constitute an extraordinary circumstance); *Cruz v. Lumpkin*, No. 4:21-CV-610-P, 2021 WL 3710568, at *2-3 (N.D. Tex. Aug. 18, 2021) (finding intermittent lockdowns, limited access to the prison law library and an inability to obtain legal assistance because of Covid-19 pandemic procedures did not prevent petitioner from filing a federal habeas petition and are therefore not grounds for equitable tolling).

Further, McHenry's claims of mental illness do not provide support for equitable tolling. While mental illness may support equitable tolling of the limitations period, it does not do so automatically and the petitioner still bears the burden of proving rare and exceptional circumstances. *Fisher*, 174 F.3d at 715; *Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008) (per curiam). Unsupported, conclusory assertions of mental illness cannot support equitable tolling. *Id*. The mental illness must render the petitioner unable "to pursue his legal rights during" the relevant period. *Id.; see also Hulsey v. Thaler*, 421 F. App'x 386, 391 (5th Cir. 2011) (per curiam) (affirming denial of equitable tolling where petitioner's mental condition was stable and he was capable of filing a petition for a period that lasted over one year). McHenry's unsupported and conclusory assertions of mental illness do not indicate how such illness rendered him unable to

pursue his legal rights during the relevant period, especially since he was able to draft and file a 43-page state habeas petition during the same period.

Lastly, although McHenry asserts that his trial counsel rendered ineffective assistance during his trial, he does not allege that his attorney caused him to miss the limitations period. *Vineyard v. Dretke*, 125 F. App'x 551, 553 (5th Cir. 2005) (per curiam) (equitable tolling applicable when an attorney affirmatively misinforms his client and causes him to miss the limitations period). Consequently, equitable tolling is unwarranted.

For the reasons stated above, McHenry's request for equitable tolling should be denied.

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejected constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended that reasonable jurists could not debate the denial of McHenry's § 2254 motion on procedural grounds, nor find that the issues presented are adequate to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (*citing Slack*, 529 U.S. at 484).

Accordingly, it is recommended that the Court find that McHenry is not entitled to a certificate of appealability.

## IV. RECOMMENDATION

For the reasons stated above, the United States Magistrate Judge recommends that the Motion to Dismiss McHenry's petition for a writ of habeas corpus be GRANTED and that a Certificate of Appealability be DENIED.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 24, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district

court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).